IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00024-BNB

GEORGE BANKS,

    Plaintiff,

v.

CAPTAIN HODAK,
WARDEN RENE GARCIA,
DOCTOR ASST. IPPOLITO,
DR. SANDIFER, Optometrist, and
F.C.I. ENGLEWOOD STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 03 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, George Banks, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. Banks has filed *pro se* a Prisoner Complaint alleging that his rights under the Eighth Amendment to the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Banks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Banks will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Banks names "F.C.I. Englewood Staff" as a Defendant but "F.C.I. Englewood Staff" is not an individual subject to suit in this action. If, in addition to the

individuals listed as Defendants, Mr. Banks intends to name any other prison staff members as Defendants in this action, he must identify those individuals by name.

The Prisoner Complaint also is deficient because Mr. Banks fails to allege facts that demonstrate how each Defendant personally participated in the asserted constitutional violation. Mr. Banks claims that he has been denied adequate medical treatment, but he fails to allege specifically how each Defendant personally participated in the alleged denials of medical treatment.

The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Banks "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Banks must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v.**

*City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, Mr. Banks will be ordered to file an amended complaint that clarifies who he is suing and that includes allegations of personal participation by each named Defendant if he wishes to pursue his claims against each named Defendant. Mr. Banks' motions to add offenses and co-defendants filed on January 14, 2010, will be denied as moot. Accordingly, it is

ORDERED that Mr. Banks file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claim against each named Defendant. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Banks, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Banks fails to file an amended complaint that complies with this order within the time allowed, the Defendants against whom he fails to allege personal participation will be dismissed without further notice. It is

FURTHER ORDERED that the motion to add offenses and the motion to add co-defendants filed on January 14, 2010, are denied as moot.

DATED March 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00024-BNB

George Banks
Prisoner No. 31885-044
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/3/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk