IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00024-BNB

GEORGE BANKS,

    Plaintiff,

v.

CAPTAIN HODAK,
WARDEN RENE GARCIA,
DOCTOR ASST. IPPOLITO,
DR. SANDIFER, Optometrist,
F.C.I. ENGLEWOOD STAFF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2010

GREGORY C. LANGHAM
             CLERK

## ORDER OF DISMISSAL

Plaintiff, George Banks, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. Banks initiated this action by filing *pro se* a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. On March 3, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Banks to file an amended complaint that clarifies who he is suing and that provides specific factual allegations to demonstrate how each named Defendant violated his rights. On March 22, 2010, Mr. Banks filed an amended Prisoner Complaint.

Mr. Banks has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the

amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint and the action as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Banks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

In order to succeed in a *Bivens* action, Mr. Banks must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). As Magistrate Judge Boland advised Mr. Banks, the defendant identified as F.C.I. Englewood Staff is not an individual subject to suit in this *Bivens* action. Therefore, whatever claims Mr. Banks is asserting against the defendant identified as F.C.I. Englewood Staff are legally frivolous and will be dismissed.

Mr. Banks primarily claims in this action that he has been denied adequate medical treatment in violation of his Eighth Amendment rights. He asserts in his first

claim that he has been denied proper medical care for eye and vision problems and that the denial of proper medical care is in retaliation for a prior complaint Mr. Banks filed against Defendant Captain Hodak. Mr. Banks alleges in his second claim that he has been denied adequate medical care for a spinal injury. Mr. Banks' third claim alleges inadequate medical care for asthma, C.O.P.D., bronchitis, and chronic obstructive lung disease. Finally, Mr. Banks alleges in his fourth claim that he has been exposed to asbestos.

The claims Mr. Banks asserts in this action are legally frivolous because he fails to provide specific factual allegations that demonstrate the named Defendants personally participated in the asserted constitutional violations. Magistrate Judge Boland specifically advised Mr. Banks in the order directing him to file an amended complaint that, in order to state a claim in federal court, he must explain in the amended complaint "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Banks that personal participation is an essential allegation in a civil rights action, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that to establish personal participation Mr. Banks must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In other words, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of*

3

*Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Finally, Magistrate Judge Boland advised Mr. Banks that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Despite these explicit directions, Mr. Banks fails to assert facts that demonstrate any of the named Defendants personally participated in the alleged constitutional violations. Mr. Banks does not allege any facts that link Captain Hodak or the Attorney General of the State of Colorado to any of the claims being asserted in this action. Although Mr. Banks does mention Doctor Sandifer, Warden Rene Garcia, and Doctor Asst. Ippolito in connection with his medical treatment claims, he fails to allege sufficient facts to demonstrate that these Defendants personally participated in the asserted constitutional violations.

With respect to Doctor Sandifer, Mr. Banks alleges in support of his first claim only that Doctor Sandifer knowingly violated his constitutional rights and did not try to act. However, Mr. Banks fails to provide any specific factual detail regarding how Dr. Sandifer failed to act or what Dr. Sandifer did that allegedly violated Mr. Banks' constitutional rights. With respect to Warden Garcia, Mr. Banks alleges in support of his second claim that he had a conversation with Warden Garcia in which Warden Garcia acknowledged an awareness of Mr. Banks' spinal injury. However, he fails to

allege specifically what Warden Garcia did that amounts to deliberate indifference to his serious medical needs. Mr. Banks does not allege that Warden Garcia is a medical provider who failed to provide medical treatment for his spinal injury or that Warden Garcia prevented medical personnel at the prison from providing medical treatment to Mr. Banks for his spinal injury.

Mr. Banks comes closest to alleging personal participation with respect to Doctor Asst. Ippolito. Although not asserted in connection with his specific claims for relief, Mr. Banks alleges in Section A of the amended complaint, the section describing the parties to the action, that Doctor Asst. Ippolito was deliberately indifferent to his spinal injury and lung problems. Regarding his spinal injury, Mr. Banks alleges that Doctor Asst. Ippolito told him he could live with it and to take pills. However, even assuming this vague allegation is sufficient to demonstrate personal participation, the allegation demonstrates only a disagreement with the medical treatment provided rather than deliberate indifference to a serious medical need and does not support an arguable claim for relief. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.").

Therefore, the Court will dismiss the amended complaint as legally frivolous because the facts alleged by Mr. Banks do not support an arguable claim for relief against any of the named Defendants. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's motion filed on March 22, 2010, in which he requests a copy of the entire case file, is denied.

DATED: March 30, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00024-BNB

George Banks
Prisoner No. 31885-044
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/31/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk